UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

John R. Griffin, Jr.

    v.                                      Civil No. 17-cv-160-SM

New Hampshire Department of Corrections

**REPORT AND RECOMMENDATION**

Before the court for preliminary review, pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A, and LR 4.3(d)(1), is plaintiff John R. Griffin, Jr.'s complaint (Doc. No. 1). Griffin names the New Hampshire Department of Corrections ("DOC") as the defendant. Also before the court is Griffin's motion for summary judgment (Doc. No. 5), filed before this court completed its preliminary review of the complaint.

**Background**

Griffin is currently incarcerated at the New Hampshire State Prison ("NHSP"). Griffin was paroled to the community in 2016, but his parole was revoked in June 2016. Griffin has filed a number of federal cases, including several challenging the validity of the revocation of his parole and his recommittal to the NHSP.

Griffin asserts that the NHSP law library is deficient

because there is no "paralegal librarian" available to assist inmates with their cases, and inmates receive only five hours of law library time each week. He further asserts that he is indigent and has no funds to pay for copies of documents he asserts he needs to litigate his cases.

While at the NHSP, on February 24, 2017, Griffin submitted an Inmate Request Slip ("IRS") to Ashlyn St. Germain, Executive Assistant to the New Hampshire Adult Parole Board ("APB"), requesting a copy of an audio recording of his June 21, 2016 parole revocation hearing, which he asked the APB to mail to this court. See IRS, Feb. 24, 2017 (Doc. No. 1, at 3). In her response, St. Germain noted that there is a fee for obtaining such recordings, and that Griffin did not have enough money in his account to pay that fee. See Response, Mar. 3, 2017 (Doc. No. 1, at 3).

Griffin submitted an IRS to Inmate Records on March 4, 2017, asking for a copy of an inmate evaluation in his file, and for a copy of the state habeas petition that he had filed in the Merrimack County Superior Court. See IRS, Mar. 4, 2017 (Doc. No. 1, at 5). He was told he needed to pay for copies. See Response, Mar. 10, 2017 (Doc. No. 1, at 5).

On March 30, 2017, Griffin submitted another IRS, asking Inmate Records for a free copy of his state habeas petition. See IRS, Mar. 30, 2017 (Doc. No. 1, at 7). Inmate Records

denied that request, see Response, Apr. 5, 2017 (Doc. No. 1, at 7), specifically referring to the August 4, 2016 Order in Griffin v. Zenk, No. 217-2016-cv-117 (N.H. Super. Aug. 4, 2016) (Doc. No. 1, at 9), in which the Superior Court ruled that Griffin could obtain a copy of his state habeas petition from the clerk's office at his own expense.

## Claims

Griffin asserts the following claims in this action, under 42 U.S.C. § 1983:

> 1. The absence of a paralegal librarian who could assist inmates and restrictions on inmate access to the NHSP law library violate Griffin's right of access to the courts, under Lewis v. Casey, 518 U.S. 343 (1996).
>
> 2. The decision by DOC Offender Records, to deny Griffin's request for a free copy of an inmate evaluation and his state habeas petition, violated Griffin's First and Fourteenth Amendment right of access to the courts and his right to trial records as an indigent inmate, under Bounds v. Smith, 430 U.S. 817 (1977), and Griffin v. Illinois, 351 U.S. 12, 20 (1956).
>
> 3. St. Germain's decision not to grant Griffin's request to send a recording of the June 21, 2016 APB hearing to this court's clerk's office free of charge, violated Griffin's First and Fourteenth Amendment right of access to the courts, and his right to trial records as an indigent inmate, under Bounds v. Smith, 430 U.S. 817 (1977), and Griffin v. Illinois, 351 U.S. 12, 20 (1956).

Griffin seeks damages and injunctive relief, specifically, an order requiring the DOC to alter parole procedures to conform to the United States Constitution.

**Discussion**

I. **Preliminary Review**

   A. Standard

The magistrate judge in this court conducts a preliminary review of prisoner complaints filed in forma pauperis. See LR 4.3(d)(1). The magistrate judge may recommend to the district judge that claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A). In conducting its preliminary review, the court construes pro se complaints liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).Eleventh Amendment

   B. Eleventh Amendment

Griffin names a state agency, the DOC, as a defendant to his claims for injunctive relief. "A state's immunity under the Eleventh Amendment applies whether a private plaintiff's suit is for monetary damages or some other type of relief." New Hampshire v. Ramsey, 366 F.3d 1, 14 (1st Cir. 2004). Griffin's claims against the DOC for injunctive relief should be dismissed as barred by the Eleventh Amendment.

4

C.  Law Library Claims (Claim 1)

A claim of insufficient law library access and a lack of legal assistance is cognizable, if at all, as a claim for the denial of an inmate's right to meaningful access to the courts. To state such a claim, an inmate must show that defendants have actually injured him, with respect to his ability to pursue a nonfrivolous claim that he has a right to litigate. See Lewis, 518 U.S. at 349-52. In other words, the inmate must show "'that an actionable claim has been lost or rejected or that presentation of the claim is currently being prevented'" due to defendants' actions. Guglielmo v. N.H. State Prison, 111 F.3d 122, 1997 U.S. App. LEXIS 8616, at *2-*3 (1st Cir. 1997) (unpublished table decision) (citing Lewis, 518 U.S. at 356). The Complaint (Doc. No. 1) does not allege any facts regarding the impact of the alleged law library on his ability to litigate those types of cases, and he does not allege that his ability to file new claims or post-conviction proceedings has been inhibited by the law library issues. Accordingly, the district judge should dismiss the claim identified above as Claim 3.

D.  Access to Offender Records (Claim 2)

Griffin argues that his Fourteenth Amendment rights were violated when DOC officials denied him a free CD containing the recording of the June 2016 parole revocation proceedings, an inmate evaluation, and his state habeas petition, all of which

5

he asserted he needed for filing in his pending federal cases. The Supreme Court cases cited by plaintiff in connection with Claim 4 -- Bounds v. Smith, 430 U.S. 817 (1977), and Griffin v. Illinois, 351 U.S. 12, 20 (1956) -- do not provide plaintiff with a broad right to receive free copies of all of the legal materials he requests. In Griffin, the Supreme Court held that indigent inmates who have a right under state law to appeal their convictions must be granted free transcripts of their criminal proceedings for use in their direct appeal. Claim 4 does not relate to a request for transcripts to be used in a direct appeal of a conviction.

Bounds stands for the proposition that inmates have a constitutional right of access to the courts. See Bounds, 430 U.S. at 821. As stated above, however, that right is not violated unless the inmate shows that defendants have caused actual injury to the inmate's ability to litigate certain types of cases. See Lewis, 518 U.S. at 356 (Bounds guarantees "conferral of a capability" of bringing "challenges to sentences or conditions of confinement before the courts," which is violated when actionable claims of that nature have been lost or rejected or their presentation is currently being prevented). Griffin has not alleged any facts showing that the failure of Offender Records to give him a free copy of documents from his state habeas petition and a free copy of his inmate evaluation

6

caused him actual injury in his ability to litigate any prisoner civil rights claims or any claim challenging the parole revocation and his conviction. Accordingly, Claim 2 should be dismissed.

    E.    Access to Parole Hearing Record (Claim 3)

Griffin further alleges that St. Germain violated his right to meaningful access to the courts and his rights under Bounds and Griffin by denying him a free CD containing the recording of his June 2016 parole revocation proceeding. In a case filed by Griffin in 2016, the court granted a motion to dismiss claims challenging the validity of Griffin's parole revocation under Heck v. Humphrey, 512 U.S. 477 (1994). See Griffin v. Manchester, N.H. Parole Office, No. 16-cv-438-JL, 2017 WL 3835681, 2017 U.S. Dist. LEXIS 140430, (D.N.H. Aug. 31, 2017) (ECF No. 78), approving R&R, 2017 U.S. Dist. LEXIS 140827, at *6-*8, 2017 WL 3836684, at *3 (D.N.H. Aug. 11, 2017) (ECF No. 72). Griffin's lack of access to the CD did not injure his ability to litigate his claims in that case.

Griffin also filed a petition for a writ of habeas corpus in federal court in 2016 challenging the validity of the June 2016 parole revocation and his underlying conviction. The court in that case granted a motion for summary judgment on Griffin's claim challenging the parole revocation because Griffin had not demonstrated that he had exhausted available and effective state

7

remedies on that claim. See Griffin v. Warden, No. 16-cv-382-JD, 2017 DNH 169, 2017 WL 3822021, 2017 U.S. Dist. LEXIS 139445 (D.N.H. Aug. 30, 2017). Griffin's inability to obtain a free copy of the CD of the APB hearing did not injure him in demonstrating that he had exhausted state remedies on that claim, and it did not prevent him from filing a collateral challenge to the parole revocation in federal court. Nor would the lack of that recording have prevented Griffin from filing a state habeas petition. As there is no absolute right to free copies of such records for use in federal court, enforceable against the state as to a claim dismissed for failure to exhaust state remedies, Griffin cannot base Claim 3 solely on St. Germain's decision not to give him a free copy of the CD. Cf. United States v. MacCollum, 426 U.S. 317, 323-330 (1976) (indigent inmate seeking relief under 28 U.S.C. § 2255 must demonstrate that claim is not frivolous and that transcript is needed to decide issue before transcript may be provided under 28 U.S.C. § 753(f)). Accordingly, Claim 3 should be dismissed.

## II. **Summary Judgment Motion**

Griffin moves for summary judgment (Doc. No. 5) on claims that this court should dismiss, for reasons set forth above. Accordingly, Griffin's motion for summary judgment (Doc. No. 5) should be denied without prejudice to refiling if the district judge does not accept the recommendation that this action be

8

dismissed in its entirety.

## **Conclusion**

For the foregoing reasons, the district judge should dismiss this action in its entirety for failure to state a claim upon which relief can be granted, and should deny the motion for summary judgment (Doc. No. 5), without prejudice to refiling, if this action is not dismissed. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

_____
Andrea K. Johnstone
United States Magistrate Judge

September 25, 2017

cc: John R. Griffin, Jr., pro se